1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT TAYLOR,

      Petitioner,

      v.

TIM V. VIRGA, Warden,

      Respondent.

NO. CV 13-4394-DOC (AGR)

ORDER TO SHOW CAUSE

      On June 18, 2013, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the one-year statute of limitations has expired.

      The court therefore orders Petitioner to show cause, on or before **July 22, 2013**, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

## PROCEDURAL BACKGROUND

On December 28, 2009, a Los Angeles County Superior Court jury convicted Petitioner of second degree robbery and found he had personally used a handgun and inflicted great bodily injury in the commission of the robbery. (Petition at 2); *People v. Taylor*, 2010 WL 3960614, *1 (2010). In January 2009, he was sentenced to 48 years to life under California's Three Strikes law. *Id.*

On August 3, 2010, Petitioner's counsel filed a brief pursuant to *People v. Wende*, 25 Cal. 3d 436 (1979), "raising no issues but requesting this court to independently review the record for arguable issues on appeal." *Taylor*, 2010 WL 3960614 at *1. Petitioner was given an opportunity to file a supplemental brief but did not do so. *Id.* On October 12, 2010, after an independent examination of the record, the Court of Appeal found "no arguable issues" and affirmed the judgment. *Id.*

Petitioner did not appeal to the California Supreme Court.[1] Petitioner did not file any habeas petitions in California. (Petition at 3.)[2]

On June 14, 2013, Petitioner constructively filed the federal petition in this court in which he raises three grounds. (Petition at 5-6 & envelope.)

# II.

## DISCUSSION

The petition was filed after enactment of the Antiterrorism and Effective

---

[1] Petitioner checked the box on the petition form that he *did* appeal. (Petition at 3.)  However, he wrote "unknown" for all the information about the appeal, and there is no indication on the California Appellate Courts Case Information online docket that he did.  *See* http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0.

[2] Petitioner indicated on the petitioner form that he did not file any habeas petitions.  (Petition at 3.)  However, in the list of his grounds he checked the box indicating that he had raised the claims on habeas before the California Supreme Court.  (*Id.* at 5-6.)  There is no indication on the California Appellate Courts Case Information online docket that he did.  *See* http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0.

1   Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in

2   reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138

3   L. Ed. 2d 481 (1997).

4         The AEDPA contains a one-year statute of limitations for a petition for writ

5   of habeas corpus filed in federal court by a person in custody pursuant to a

6   judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts

7   running on the latest of either the date when a conviction becomes final under 28

8   U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

9         **A.**    **The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

10         On October 12, 2010, the California Court of Appeal affirmed Petitioner's

11   conviction.  *Taylor*, 2010 WL 3960614.  Because Petitioner did not file a petition

12   for review with the California Supreme Court, his conviction became final 40 days

13   later on November 22, 2010.[3]  *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th

14   Cir. 2005).  Absent tolling, the statute of limitations expired on November 22,

15   2011.

16         **1.**    **Statutory Tolling**

17         The statute of limitations is tolled during the time "a properly filed

18   application for State post-conviction or other collateral review with respect to the

19   pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

20         Petitioner did not file any habeas petitions in California and is therefore not

21   entitled to statutory tolling.  Absent equitable tolling, the petition is time-barred.

22         **2.**    **Equitable Tolling**

23         "[T]he timeliness provision in the federal habeas corpus statute is subject to

24   equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130

25   (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he

26   has been pursuing his rights diligently, and (2) that some extraordinary

27

28      [3]  Forty days from October 12, 2010, is Sunday, November 21, 2010.

3

1  circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting

2  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669

3  (2005)).  "The diligence required for equitable tolling purposes is "reasonable

4  diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation

5  marks omitted).  The extraordinary circumstances must have been the cause of

6  an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this

7  reason only when ""extraordinary circumstances beyond a prisoner's control

8  make it *impossible* to file a petition on time"' and ""the extraordinary

9  circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'"

10  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in

11  original).

12  　　　Petitioner does not indicate he is entitled to equitable tolling.

13  　　　**B.　　Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

14  　　　The statute of limitations may start to run on "the date on which the factual

15  predicate of the claim or claims presented could have been discovered through

16  the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The statute starts to

17  run when a petitioner knows or through diligence could discover the important

18  facts, not when a petitioner recognizes their legal significance.  *See Hasan v.*

19  *Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

20  　　　In Ground Two, Petitioner contends his counsel was ineffective because

21  she filed a *Wende* brief and "expose[d] [him] to a penalty of 48 years."  (Petition

22  at 5.)  Thus, Petitioner was aware of the factual predicate underlying Ground Two

23  at the latest during the pendency of his appeal, which predates the date his

24  conviction became final.  Accordingly, the date of discovery does not assist

25  Petitioner.

26

27

28

4

**III.**

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before **_July 22, 2013_**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  June 21, 2013

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5